United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP<br>ADDRESS 71.198.62.207,<br><br>　　　　　Defendant. | Case No.  26-cv-05035-MMC   (RMI)<br><br>**ORDER ON EX PARTE APPLICATION<br>FOR LEAVE TO SERVE THIRD<br>PARTY SUBPOENA PRIOR TO RULE<br>26(F) CONFERENCE**<br><br>Re: Dkt. No. 8 |

Pending before the court is Plaintiff Strike 3 Holdings, LLC's ex parte request for leave to serve a third-party subpoena prior to the discovery conference required by Rule 26(f) of the Federal Rules of Civil Procedure. (Application, Dkt. 8.) The application was referred to the undersigned for adjudication, (dkt. 9), and the court now GRANTS Plaintiff leave to serve to the third-party subpoena for the reasons stated herein.

**BACKGROUND**

Plaintiff is a Delaware limited liability company that creates adult motion pictures ("works"), which it distributes via subscription-based adult websites and sales of DVDs. (Compl. ¶¶ 2–3, 11, 13, Dkt. 1.) Plaintiff alleges that Defendant John Doe is liable for direct copyright infringement for downloading, copying, and distributing at least 32 of Plaintiff's copyrighted works without authorization. (Compl. ¶¶ 44, 47, 51–54.) Using proprietary infringement detection tools, Plaintiff identified Defendant's IP address, from which it determined Defendant's physical address in this district. (Compl. ¶¶ 9, 33–43.) However, the only entity capable of correlating the IP address to the subscriber's identity is the Internet Service Provider ("ISP") responsible for assigning the IP address; in this case, Defendant's ISP is Comcast Cable Communications, LLC.

(Application, Dkt. 8, at 1.) The ISP will only disclose identity information if it is authorized to do so by a court order. (*Id.*) Accordingly, Plaintiff "seeks leave to serve limited, immediate discovery on Defendant's ISP, Comcast Cable Communications, LLC (Comcast Cable) so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service." (*Id.*)

**LEGAL STANDARD**

While discovery generally may not be sought until after the holding of a discovery conference under Rule 26(f), courts may authorize early discovery before the Rule 26(f) conference for good cause shown. Fed. R. Civ. P. 26(d)(1); *see Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002) (applying a good cause standard to requests for expedited discovery under Rule 26(d)); *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at *1 (N.D. Cal. Sept. 22, 2023) ("Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for early discovery." (citations omitted)). Good cause for early discovery exists where the need for discovery and the interests of justice outweigh the prejudice to the responding party. *Semitool, Inc.*, 208 F.R.D. at 276. "In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine if the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates the action can withstand a motion to dismiss; and (4) shows the discovery is reasonably likely to lead to identifying information that will permit service of process." *Strike 3 Holdings, LLC v. Doe*, 2023 WL 6542326, at *2 (*citing Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). "[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Finally, "at this stage, the truth of Strike 3's allegations must be assumed, and all reasonable inferences must be

drawn in its favor." *Strike 3 Holdings, LLC*, 2023 WL 6542326, at *2.

## DISCUSSION

Plaintiff has shown good cause for early discovery. First, Plaintiff has identified Defendant with sufficient specificity that the court can determine that he or she is a real person who can be sued in federal court. The Complaint alleges that the Doe Defendant downloaded Plaintiff's copyrighted adult motion pictures and distributed them over the BitTorrent network. (Compl. ¶ 53.) Using its proprietary software, Plaintiff alleges that it established "multiple direct TCP/IP connections with Defendant's IP address," including connections where Defendant transmitted pieces of the copyrighted material, and it corroborated this finding with another tool that identified Defendant's IP address in connection with use of BitTorrent to distribute the copyrighted files. (Compl. ¶¶ 33–34, 43.) These allegations indicate that Defendant is an identifiable person who likely is the primary subscriber of the IP address or someone who resides with and is known to the primary subscriber. Using geolocation technology, Plaintiff has traced the IP address to a physical address within the Northern District of California, giving the court personal jurisdiction over the Doe Defendant. (Compl. ¶¶ 8–9.)

Second, Plaintiff has sufficiently established that while it can identify the unique IP address from which Defendant downloaded and distributed its movies, Plaintiff is not able to connect the IP address to Defendant's identity without the issuance of this subpoena. (Pl.'s Application 6–7, Dkt. 8.) Plaintiff recounted in detail its efforts to identify Defendant by means other than expedited discovery and has demonstrated that it made a good faith effort to identify and serve Defendant. (Pl.'s Application 10, Dkt. 8.) Third, Plaintiff has demonstrated that its copyright claim could withstand a motion to dismiss. A plaintiff "must satisfy two requirements to present a *prima facie* case of direct infringement: (1) [he or she] must show ownership of the allegedly infringed material and (2) [he or she] must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007); *see also* 17 U.S.C. § 501(a). Plaintiff has sufficiently demonstrated that it owns the allegedly infringed material—adult motion pictures which are original works of authorship—and has a valid copyright in the works registered with the

United States District Court
Northern District of California

3

United States Copyright Office, including by providing the copyright registration number for each of the allegedly infringed works. (Compl. Ex. A, Dkt. 1-1; Compl. ¶ 46–52.) Plaintiff has also sufficiently alleged that Defendant downloaded, copied, and distributed its copyrighted works without authorization, violating its exclusive rights to reproduce (17 U.S.C. § 106(1)), distribute (17 U.S.C. § 106(3)), perform (17 U.S.C. § 106(4)), and display (17 U.S.C. § 106(5)) the copyrighted works. (Compl. ¶¶ 44–48, 53–55.) And fourth, Plaintiff has shown that the discovery it seeks is reasonably likely to lead to identifying information that will permit service of process on Defendant.

Finally, Plaintiff has also demonstrated that the need for discovery outweighs any prejudice to Defendant. Plaintiff has averred that discovery on an expedited basis is necessary because the identity information is not indefinitely maintained by the ISP, and it cannot identify Defendant without this information. Plaintiff has also narrowly tailored the discovery to the information necessary to identify Defendant, and Plaintiff has indicated that it is amendable to a variety of protective measures that seek to balance Defendant's privacy interest with Plaintiff's need to discover Defendant's identity. Accordingly, early discovery is proper and in the interests of justice.

### PROTECTIVE ORDER

"[U]nder Rule 26(c), the Court may sua sponte grant a protective order for good cause shown." *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Courts have routinely issued protective orders upon granting similar subpoenas to protect the identity of the defendants from being made public, at least for a limited amount of time. *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-06675-LB, 2024 WL 308260, at *3 (N.D. Cal. Jan. 26, 2024) ("The court issues the limited protective order described below because the ISP subscriber may be an innocent third party and the subject matter of the suit deals with sensitive and personal matters"); *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-06675-LB, 2024 WL 308260, at *3 (N.D. Cal. Jan. 26, 2024) (finding that "[h]ere, as has been discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed upon Strike 3's copyright" and entering a limited protective order); *Strike 3 Holdings, LLC*, 2023 WL 6542326, at *3 (collecting cases). The undersigned will

United States District Court
Northern District of California

4

also issue a limited duration protective order as follows:

Any information regarding Defendant released to Strike 3 Holdings by the ISP will be treated as confidential for a limited duration. Strike 3 Holdings must not publicly disclose that information until Defendant has had the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled upon by the court. Defendant may move to file such a motion under seal pursuant to Civil Local Rule 79-5. If Defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Strike 3's counsel, this limited protective order will expire.

## CONCLUSION

Accordingly, the court GRANTS Plaintiff's Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference with respect to the John Doe subscriber assigned IP address 71.198.62.207 as follows:

1. IT IS HEREBY ORDERED that Plaintiff Strike 3 Holdings may immediately serve a Rule 45 subpoena on Comcast Cable Communications, LLC (hereafter "the ISP") to obtain Defendant John Doe's true name and address. The subpoena must have a copy of this order attached. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant; the same requirements laid out for Comcast Cable Communications, LLC in this Order will also apply to any subpoenas served to those identified internet service providers.

2. IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon them to serve the Doe Defendant with a copy of the subpoena and a copy of this order. The ISP may serve the Doe Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. IT IS FURTHER ORDERED that the Doe Defendant will have 30 days from the date of service upon him or her to file any motions contesting the subpoena (including a motion to

quash or modify the subpoena) with the court that issued the subpoena. If that 30-day period lapses without the Doe Defendant contesting the subpoena, the ISP will have 10 days to produce the information responsive to the subpoena to Strike 3 Holdings.

4. IT IS FURTHER ORDERED that the subpoenaed entity must preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. IT IS FURTHER ORDERED that the ISP that receives a subpoena pursuant to this Order must confer with Strike 3 and may not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6. IT IS FURTHER ORDERED that Strike 3 must serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. IT IS FURTHER ORDERED that any information disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

Dated: June 17, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

6